## IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Salem Stones, Inc. | : | |
| Plaintiff, | : | Case No. 2:18-CV-00636-EAS-CMV |
| v. | : | Judge Sargus |
| | : | Magistrate Judge Vascura |
| Global Values, Inc., *et al.*, | : | |
| Defendants. | : | |

### AGREED PROTECTIVE ORDER

Plaintiff Salem Stones, Inc., Defendant Global Values, Inc., and Defendant Ronald Flottmeyer, recognizing that they will be producing to each other in this litigation, documents which contain confidential financial, customer, product, sales and other information ("Confidential Records"), the like of which is not easily redacted, have agreed to the following terms in respect to information produced in discovery and at hearing. The Parties agree that good cause exists for this Agreed Protective Order to preserve the legitimate proprietary and privacy interests of sources of information that have not been released to the public and which the Parties may mutually seek production of through their respective discovery requests. The Court specifically finds that good cause exists for this Agreed Protective Order. The Court further finds that, by entering into this Order, Defendants do not waive defenses related to personal jurisdiction and venue, and their agreement to this Order is not an admission that the information designated as Confidential is, in fact, confidential or trade secret.

1. The Parties shall designate as Confidential information which they produce in discovery or at hearing which they regard to be Confidential Records. They shall designate such information by placing upon hard copies of documents or other records the word Confidential, or otherwise designating such information in electronic form as Confidential. In the case of testimony, the party claiming that the information is confidential shall so state on the record during

the deposition. All documents, records or testimony, so designated will be subject to the terms of this Order. The designation of documents, other records, or testimony as Confidential Records shall not constitute a conclusive determination that such information is confidential. The Parties waive no rights to contest the confidential nature of the information at the preliminary injunction hearing, or at the trial on the merits.

2. The Confidential Records shall not be disclosed to or discussed with any person by the Party who receives such confidential material except:

   a. Counsel of record for the Parties to this action and their respective clients;

   b. Employees and agents, provided such disclosure is necessary for litigating this action; or

   c. This Court (including court reporters, stenographic reports and court personnel) provided the information is immediately placed under seal, per paragraph 16 of this Order, and the information is not scanned in to the docket; or

   d. An expert retained by either Party and identified to the other Party for the purpose of giving advice or testimony in this civil litigation ("Outside Expert"); provided that the confidential information may not be disclosed to or used by anyone or any Party for any purpose whatsoever other than to give advice or testimony in this case, and further that such Outside Expert has previously read and has agreed to be bound by the terms of this Order; or

   e. Any other person as to whom the producing Party expressly agrees in writing after the name of such person has been disclosed; or

   f. Any person as further ordered by the Court.

3. Any inadvertent disclosure or production of documents protected as Confidential Records or by attorney-client privilege or work-product protection will not constitute a waiver of either any available privilege or protection by the disclosing party.

4. In the event that the receiving party discovers that it has inadvertently received either Confidential Records or attorney-client privilege or work-product protected documents, it will bring that fact to the attention of the producing party immediately upon discovery.

5. Upon the request of the producing party, the receiving party will promptly return to the producing party any inadvertently produced Confidential Record or attorney-client privilege or work-product protected document and any copies that the receiving party may have made.

6. Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to any inadvertently produced Confidential Record or attorney-client privilege or work-product protected document.

7. No such inadvertently produced Confidential Records or attorney-client privilege or work product protected document may be used in evidence against the producing party in the absence of a determination by the Court that such information is not confidential or privileged.

8. Any inadvertent disclosure or production of documents protected as a Confidential Record or by attorney-client privilege or work-product protection will not constitute a waiver of either any available privilege or protection by the disclosing party.

9. If a Party must seek judicial enforcement of this agreement, the costs and reasonable attorney's fees of the party seeking enforcement may be awarded by the Court;

10. This Order should in no way be interpreted so as to limit any Party and/or any Party's attorney from using the Confidential Records in depositions, motions, hearings or trial during the course of this litigation, including for impeachment purposes. However, unless otherwise agreed between the Parties or upon further Order of the Court, any deposition referring

to or containing any Confidential Records or confidential information documentation shall be initially filed under seal, per paragraph 16 of this Order, and confidential portions thereof shall not be used or read into the transcript or record without prior approval of the Court.

11. Information designated as Confidential Records shall be filed under seal with the Court, per paragraph 16 of this Order, when introduced as exhibits or otherwise filed with the Court, or, if in the form of testimony, shall be designated as such and the portion of the transcript containing such testimony shall be filed under seal, per paragraph 16 of this Order.

12. Prior to filing any Confidential Records or testimony concerning or referring to confidential information, the Parties shall confer to ensure the information can be filed under seal and that arrangements have been made to ensure that such information is not scanned in to the online docket.

13. The Parties agree they shall not release or use information designated as confidential for any purpose other than the present lawsuit. At the conclusion of this case and any appeals which may be taken in this case, the Parties shall return to the opposing Parties all documents, records and other information which has been designated as Confidential, and shall certify that they have retained no copies of such materials.

14. Any information that is designated as "Confidential" pursuant to this Order is subject to challenge by any party or non-party with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "Confidential" designation, the designating party shall serve all parties a notice specifying the information at issue and the substance of the parties' agreement.

15. Applications to the Court for an order relating to the designation of any information as "Confidential" under this Order shall be by motion. Any party may seek an informal telephone conference with the Magistrate Judge as a means to resolve disputes prior to filing a motion, as referenced in Local Rule 37.1, and any relevant orders and shall only be made after the designating party and objecting party meet and confer as specified this Order.

16. Any party filing any document under seal must comply with the requirements of Civil Local Rule 5.2.1. Nothing in this Agreed Protective Order shall be construed to authorize a party to file anything designated "Confidential" or "Confidential-Attorneys' Eyes Only" under seal. A party who wishes to file a pleading, motion or other paper or thing and/or submit a document for which confidential treatment is designated, "Confidential" or "Confidential-Attorneys' Eyes Only" during the adjudication of this matter ("filings") shall first file a motion to file under seal. The motion to file under seal shall set forth all reasons and bases as to why certain documents, materials and/or portions thereof should be sealed. The Court shall determine if filing under seal, in whole or in part, is justified and shall set forth specific findings and conclusions authorizing the party to file under seal only to the extent necessary. Any filings ordered under seal shall be kept sealed until the further Order of this Court; however, such filings shall continue to be available to the Court and to such persons permitted access to such filings under this Agreed Protective Order.

IT IS SO ORDERED:

_____ 8-10-2018
Edmund A. Sargus, Chief Judge

Respectfully submitted,

| | |
|---|---|
| **NEWHOUSE, PROPHATER, KOLMAN & HOGAN, LLC** | **LANE, ALTON & HORST, LLC** |
| *D. Wesley Newhouse* | *Christopher R. Petit* |
| D. Wesley Newhouse (0022069) | Christopher R. Pettit |
| wnewhouse@npkhlaw.com | cpettit@lanealton.com |
| Michel Jendretzky (0082224) | Eric S. Bravo |
| mjendretzky@npkhlaw.com | ebravo@lanealton.com |
| 5025 Arlington Centre Blvd., Suite 400 | Two Miranova Place, Suite 220 |
| Columbus, Ohio 43220 | Columbus, Ohio 43215 |
| Telephone: (614) 255-5441 | Telephone: 614-228-6885 |
| Facsimile: (614) 255-5446 | Facsimile: 614-228-0146 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |